UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IIP Cleveland Regeneration, LLC, et al., ) | CASE NO. 1:16 CV 2673 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| Vs. ) | |
| ) | |
| Zhenfen Huang, et al., ) | **Memorandum of Opinion and Order** |
| ) | |
| Defendant. ) | |

**Introduction**

This matter is before the Court upon defendant Huang's Motion to Dismiss Amended Complaint (Doc. 11). For the following reasons, the motion is GRANTED.

**Facts**

Plaintiffs IIP Cleveland Regeneration, LLC, IIP Cleveland Regeneration 2, LLC, and IIP Akron, LLC filed a Complaint against defendant Zhenfen Huang. An Amended Complaint was filed adding defendant Xiaoguang Zheng and John and Jane Does.

This case arises out of an underlying lawsuit, *Rui He, et al. v. Davor Rom, et al.,* Case No. 1:15 CV 1869 (Judge Gwinn). Plaintiffs in that lawsuit, Rui He, Xiaoguang Zheng, and

1

Zhenfen Huang, sued defendants American real estate investor David Rom and his companies Assets Unlimited LLC, Investor Income Properties LLC, IIP Ohio LLC, IIP Akron LLC, IIP Cleveland Regeneration, LLC, IIP Cleveland Regeneration 2, LLC, and IIP Management LLC. In that lawsuit, plaintiffs alleged that defendants sold distressed properties to overseas investors and promised high returns, hands-off management, and newly renovated properties. The case was originally filed as a class action with plaintiffs attempting to represent 140 individuals who purchased properties through the network of companies affiliated with Rom. Judge Gwinn denied certification based on lack of commonality because the advertisements class members relied on were highly individualized, and lack of typicality because class members' claims depended on what materials they viewed and what conversations they had with defendants' representatives. Cross motions for summary judgment were filed. Judge Gwinn granted summary judgment as to defendants IIP Cleveland Regeneration and IIP Cleveland Regeneration 2 based on the ruling on the class certification, i.e., these defendants only had contact with other non-party buyers. Otherwise, defendants' motion was denied. Plaintiffs' motion was granted in part and denied in part. The day before trial, the judge agreed to the parties' stipulated dismissal of IIP Akron and IIP Management. The case proceeded to a four day trial. Judge Gwinn entered judgment finding that the jury rendered its verdict in favor of plaintiffs He, Zheng, and Huang and against defendants Assets Unlimited, LLC, Investor Income Properties, and IIP Ohio, LLC on plaintiffs' claims for fraudulent inducement, negligent misrepresentation, and Ohio's Deceptive Trade Practices Act. Plaintiffs were awarded damages on the claims as well as punitive damages and attorney fees. The jury also found that plaintiffs pierced the corporate veil to hold Rom personally liable for the judgments against the companies.

Huang states that plaintiffs herein served this summons immediately after the jury verdict in Judge Gwinn's case. That verdict was entered on November 3, 2016. This Complaint was filed on November 2, 2016. The Amended Complaint asserts three claims. Count One alleges abuse of process against Huang. Count Two alleges abuse of process against Zheng. Count Three alleges a conspiracy between Huang and Zheng.

This matter is before the Court upon defendant Huang's Motion to Dismiss Amended Complaint.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678.  The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

**Discussion**

Huang moves to dismiss the claims asserted against him: Count One (abuse of process) and Count Three (conspiracy). [1]

**(1) Abuse of process**

An abuse of process claim in Ohio requires plaintiff to satisfy three elements: "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." *Robb v.*

---

[1] Plaintiffs argue that the motion must be treated as one for summary judgment, and plaintiffs be given an opportunity to conduct discovery, because defendant attaches exhibits outside the pleadings.  The Court has not considered any of the exhibits other than the documents which are part of Judge Gwinn's case. In ruling on a Rule 12(b)(6) motion, "a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Gavitt v. Born,* 835 F.3d 623 (6th Cir. 2016) (citing *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) and *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Clearly, the underlying lawsuit is referred to in the Amended Complaint and is central to the claims. Otherwise, the Court can decide this motion solely on the allegations of the Amended Complaint.

*Chagrin Lagoons Yacht Club, Inc.,* 75 Ohio St.3d 264 (1996) (quoting *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.,* 68 Ohio St.3d 294 (1994)).

Count One alleges Huang initiated the underlying lawsuit against plaintiffs in proper form and with probable cause and then pursued it to accomplish an ulterior purpose for which it was not designed, namely, "as a form of coercion to obtain a collateral advantage from plaintiffs, such as the surrender of property or the payment of money, by using the underlying lawsuit as a threat against plaintiffs since plaintiffs had no involvement with" Huang's purchase of any of the properties.

The Ohio Supreme Court has made clear that "abuse of process differs from malicious prosecution in that the former connotes the use of process properly initiated for improper purposes, while the latter relates to the malicious initiation of a lawsuit which one has no reasonable chance of winning." *Robb v. Chagrin Lagoons Yacht Club, Inc.,* 75 Ohio St.3d 264 (1996) (all internal quotations and citations omitted).  And, in cases of abuse of process, "the improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club." *Id.*  Essentially, "abuse of process occurs where someone attempts to achieve through use of the court that which the court is itself powerless to order." *Id.*

Defendant acknowledges that the underlying lawsuit was brought with probable cause.[2] The Court agrees that the allegations of the underlying lawsuit show that there was probable

---

[2] Defendant confuses this element by stating that probable cause does not exist. However, defendant's argument makes clear that he, as plaintiff in the underlying action, had probable cause to bring the lawsuit.

cause to initiate it. Incidentally, the Court notes that the original Complaint in the underlying matter was filed by He and Zheng against Rom, Investor Income Properties LLC, and IIP Ohio LLC. A First Amended Complaint was thereafter filed by He and Zheng adding plaintiffs herein as defendants. Huang was not added as a plaintiff in the underlying lawsuit until a Second Amended Complaint was filed.

The Court agrees with defendant, however, that plaintiffs do not sufficiently plead facts demonstrating the second element. Essentially, the Amended Complaint alleges that this element is satisfied because plaintiffs had no involvement with Huang's purchase of his various properties and, therefore, the lawsuit was brought as a form of coercion to get plaintiffs to surrender property or pay money.  In their brief, plaintiffs maintain, "Huang had no interaction with the plaintiffs in regard to the transactions that formed the basis of his claims in the underlying lawsuit.  Yet Huang asserted claims against them anyway."  (Doc. 13 at 6)  Plaintiffs point out that IIP Cleveland and IIP Cleveland Regeneration 2 were dismissed on summary judgment, and IIP Akron was dismissed with prejudice prior to trial. Therefore, plaintiffs assert, all claims were adjudicated in their favor and Huang was not successful in the underlying lawsuit against them.

But, the Complaint was filed as a class action on behalf of investors some of whom had involvement with IIP Cleveland, IIP Cleveland Regeneration 2, and IIP  Akron.  The class was not certified because commonality and typicality were lacking given that class members relied on varying advertisements and representations.  IIP Cleveland and IIP Cleveland Regeneration 2 were dismissed on the basis that the denial of the class certification meant that only non-party buyers had contact with them.  Moreover, by arguing that Huang had no involvement with these

6

plaintiffs and yet still sued them, plaintiffs is actually undermining the first element of the abuse of process claim, i.e., probable cause to bring the lawsuit. Regardless, the key to the second element of the abuse of process claim is the "ulterior motive" of the plaintiff to use the court to achieve something which the court is powerless to do.  As one court in this district has explained:

> In determining whether "an ulterior motive" element is satisfied, the critical inquiry is whether the plaintiff is using the court proceeding to obtain a benefit or remedy against the defendant "that which the court is itself powerless to order in the proceeding." *Robb* at 271. For example, in *Robb*, the Ohio Supreme Court found that the plaintiffs' filing of lawsuits against a yachting club to coerce members to vote in their favor could be construed as proof of an ulterior motive to overcome summary judgment. *Id*. In reaching this conclusion, the court recognized that there was proof that the underlying lawsuit was being used to accomplish a purpose that the trial court had no authority to grant. As stated by the court, "Clearly, the trial court had no authority to order club members how to vote." *Id.*

*Emerman v. Financial Commodity Investments, LLC,* 2015 WL 3742252 (N.D.Ohio June 15, 2015).  Further,

> Thus, the ulterior motive contemplated by an abuse of process claim generally involves an attempt to gain an advantage outside the proceeding, using the process itself as the threat. *Wolfe v. Little*, 2nd Dist. No. 18718 (April 27, 2001) (noting typical ulterior purposes as "extortion of money, prevention of a conveyance, compelling someone to give up possession of something of value, when these things were not the purpose of the suit").
>
> Conversely, abuse of process does not occur when a party uses the court to pursue a legal remedy that the court is empowered to give... And the mere fact that the claim is determined to be without merit does not give rise to an abuse of process claim.

*Id.*

Clearly, if the class had been certified, the court could have awarded damages against IIP Cleveland and IIP Cleveland Regeneration 2. Even with the class not being certified, the plaintiffs were only pursuing a legal remedy that the court was empowered to give. Likewise, the

7

fact that IIP Akron was ultimately dismissed does not show that Huang had an ulterior purpose in maintaining the lawsuit.[3] A finding that the claim had no merit because Huang did not have contact with these three entities does not give rise to an abuse of process claim.  Merely filing a lawsuit against a defendant who is ultimately not liable to a plaintiff does not give rise to an abuse of process claim absent some showing of an ulterior purpose. The Court need not proceed to the third element as the second element has not been met.

Because plaintiff has not plead sufficient factual matter to state a claim for relief for abuse of process, dismissal of Count One is warranted.

**(2) Civil conspiracy**

"Under Ohio law, a claim for civil conspiracy requires a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages.  Moreover, a civil conspiracy claim is derivative and cannot be maintained absent an underlying tort that is actionable without the conspiracy."*Emerman v. Financial Commodity Investments, LLC*, *supra* (citations omitted).

The Amended Complaint alleges that Huang and Zheng maliciously conspired to commit the abuse of process by initiating the underlying lawsuit. Because the Court has found that the Amended Complaint fails to state a claim for abuse of process, neither does it state a claim for civil conspiracy to commit abuse of process.  Moreover, as discussed above, plaintiffs herein were named as defendants in the underlying lawsuit with the filing of the First Amended

---

[3] Plaintiffs also assert that Huang had no standing to pursue a class action claim against IIP Cleveland, IIP Cleveland Regeneration 2, and IIP Akron because there was no causal connection between his injury and their actions. Again, this has no bearing on ulterior motive.

8

Complaint by He and Zheng.  Huang was not added as a party until the filing of the Second Amended Complaint. Presumably, if Huang and Zheng conspired to "initiate, pursue, and/or prosecute claims" against IIP Akron LLC,  IIP Cleveland Regeneration, LLC, IIP Cleveland Regeneration 2, LLC, Huang would have joined Zheng in the filing of the First Amended Complaint. Huang was not added until the filing of the Second Amended Complaint- more than four months later.

Dismissal of the civil conspiracy claim against Huang is warranted.

Because dismissal is warranted on the merits of the claims, the Court will not reach defendant's argument regarding whether the amount in controversy has been satisfied.

**Conclusion**

For the foregoing reasons, defendant Huang's Motion to Dismiss Amended Complaint is granted.

IT IS SO ORDERED.


      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/23/17